O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIVIAN HENRIQUEZ, | ) | CASE NO. ED CV 09-00776 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff makes four arguments in challenging the Commissioner's determination that she is not disabled, the first of which is that the Commissioner did not defer to the opinion of the treating physician. The law on this point, identified by the Commissioner in his Memorandum to this Court, is familiar: the treating physician's uncontroverted opinion must be respected unless the Administrative Law Judge gives clear and convincing reasons, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), and the treating physician's controverted opinion must be respected unless the Administrative Law Judge gives specific and legitimate reasons supported by the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The opinion to which Plaintiff refers is a document entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)," dated September 4, 2007, in which the person filling out the form restricted Plaintiff to standing and walking less than two hours in an eight hour day, sitting less than two hours in an eight

1  hour day, lifting and carrying less than ten pounds frequently, and other similar restrictions.
2  [AR 133-35]

3  The Administrative Law Judge said two things about this evaluation: that he
4  could not read the signature on the form, and that "there is no objective support anywhere
5  in the record for such restrictions." [AR 12] The report itself, however states that
6  "multiple lumbar disc herniations" support the limitations [AR 134] and that "noted
7  cervical, thoracic & lumbar myospasms" are medical findings supporting certain physical
8  functions limitations. [AR 135] As Plaintiff notes in his memorandum to this Court, the
9  record contains evidence of these findings. [AR 120] The Court does not understand the
10 Commissioner's argument that such information is not medical source information.

11 The fact that the signature on the form is illegible should not be the end of the
12 matter. The Administrative Law Judge, after all, has the obligation to develop the record,
13 even where the applicant is represented by counsel, *Mayes v. Massanari*, 276 F.3d 453, 459
14 (9th Cir. 2001), *citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) and
15 *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983), and it would seem a simple matter
16 to inquire of Plaintiff's counsel as to whose signature is on the form, and where the medical
17 records came from. In this Court, the Commissioner argues that it is not even clear that the
18 opinion is that of a treating physician, citing *Matney on behalf of Matney v. Sullivan*, 981
19 F.2d 1016, 1020 (9th Cir. 1992), but the cited case does not support rejection of the opinion
20 in this case; in *Matney*, the Ninth Circuit upheld the Commissioner's rejection of a medical
21 opinion that was based on a one-time visit and a brief report, and where the doctor had
22 agreed to be an advocate for the claimant. *Id*. No similar situation exists here.

23 The Administrative Law Judge should have taken the steps necessary to
24 ascertain if the report, in fact, was made by a treating physician, and if so, to accord it the
25 weight due opinions of treating physicians. This case seems to have been given a fairly
26 perfunctory review; not only is the record sparse, as the Commissioner notes in his
27 Memorandum to this Court, but also the hearing itself was extremely brief, lasting four
28 minutes. The transcription covers a mere three and a half pages, and the Administrative

1  Law Judge asked only a single question. Only Plaintiff testified. Perhaps a more extended
2  development of the record would have clarified the issues identified here.
3        The decision is reversed, and the matter is remanded to the Commissioner for
4  further development of the record and exploration of the treating physician issue. This
5  disposition makes it unnecessary to assess the other arguments Plaintiff makes to this
6  Court. On remand, the Commissioner may wish to reconsider the matters addressed by
7  those arguments as well.
8        IT IS SO ORDERED.

10        DATED: November 12, 2009

13                      RALPH ZAREFSKY
              UNITED STATES MAGISTRATE JUDGE